UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM ASSETS, LLC et al., <br><br>                         Plaintiffs, <br><br> -against- <br><br> GARVEY et al., <br><br>                         Defendants | 24-CV-3234 <br><br> **REMAND ORDER** |

ARUN SUBRAMANIAN, United States District Judge:

      Plaintiffs Williams Assets LLC and Altenor LLC sued Defendants, including Patrick Garvey, in the Supreme Court of the State of New York, County of Dutchess, to compel a determination of their right to real property located in Poughkeepsie, New York. Garvey removed the case to federal court pursuant to 28 U.S.C. §§ 1331, 1332, and 1441. On August 16, 2024, this Court ordered Garvey to explain why this Court has federal-question or diversity jurisdiction over this action, which appears to be a property dispute between non-diverse parties. Dkt. 9.

      Garvey's submission alleged federal-question jurisdiction because this case involves "violations pled under . . . the Civil Rights Act [of] 1964" and the Fourth and Fifth Amendments to the United States Constitution. Dkt. 10 at 2. But Plaintiff's complaint did not allege that Defendants violated the CRA or the federal Constitution. Instead, Garvey's notice of removal alleges counterclaims against Plaintiffs under those provisions. This is insufficient to establish federal-question jurisdiction. *See Holmes Grp., Inc.* v. *Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002) (explaining that "a counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for [§ 1331] jurisdiction").

      Garvey also alleged diversity jurisdiction under § 1332, which requires "'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants." *Penn. Pub. Sch. Emps.' Ret. Sys.* v. *Morgan Stanley & Co., Inc.*, 772 F.3d 111, 117-18 (2d Cir. 2014). Garvey argues that complete diversity exists here "between all the NY individuals, plaintiffs, corporate and government entities in NY or Washington DC and other defendant parties and their LLCs," who are "diverse as residents of NY." Dkt. 10 at 3. Thus, Garvey appears to concede that this case involves plaintiffs and defendants who are citizens of New York, which destroys complete diversity and means that this Court does not have jurisdiction over this action under § 1332.

      Accordingly, this case is REMANDED, *sua sponte*, to the Supreme Court of the State of New York, County of Dutchess. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

      Any pending motions are denied as moot and any conferences are canceled. The Clerk of Court is directed to close the case.

      SO ORDERED.

Dated: August 29, 2024
       New York, New York

                                          ARUN SUBRAMANIAN
                                          United States District Judge